

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENBRIDGE PIPELINES (EAST TEXAS) L.P., | § § § | |
| Plaintiff | § § § | CIVIL ACTION NO. H-4:11-cv-00335 |
| v. | § § | |
| CENTRAL CRUDE, INC. | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

### I.   INTRODUCTION

Before the Court is the defendant, Central Crude, Inc.'s ("Central Crude") motion for summary judgment (Docket Entry No. 14) and the plaintiff, Enbridge Pipelines (East Texas) L.P.'s ("Enbridge") response (Docket Entry No. 20), as well as Central Crude's Reply (Docket Entry No. 24), Enbridge's Surreply (Docket Entry No. 26) and Central Crude's Reply to Enbridge's Response (Docket Entry No. 27).

After reviewing the motions, the responses and replies, the record, and the applicable law, and the Court being fully advised determines that Central Crude's motion for summary judgment should be denied.

## II.     FACTUAL BACKGROUND

This case focuses on whether Central Crude owes Enbridge payment for gathering fees under a "Gas Gathering & Transportation Agreement" (the "Agreement").

Enbridge is a pipeline company that operates numerous natural gas gathering and transportation facilities. Central Crude purchases natural gas from various producers at numerous wells and gathers it pursuant to the Agreement defines at the "Receipt Point," operated by Enbridge. To formalize their business arrangement, the parties first entered into a gas gathering and transportation agreement for gas transport from the Receipt Point to a delivery point referred to as TETCO. Under the Agreement, Enbridge charged $0.25 per MMBtu for transport services. The terms of the Agreement ran from August 15, 2007 through December 31, 2008, and no dispute arose under it.

On January 1, 2009, the parties entered into a second Agreement with a two-year term to run through December 31, 2010. Sections 5.2 and 6.2 of the Agreement obligate the parties to cover "other fees" as outlined in Exhibit C to the Agreement. Exhibit C covers gathering fees. Here Enbridge may charge Central Crude a gathering fee of twenty-five cents ($0.25) per MMBtu of gas received, less in-kind fuel at a Receipt Point." The Agreement uses the terms "Buyer" and "Seller." However, the terms are not defined. The Agreement also uses the terms "Gatherer" as "Enbridge Pipeline (East Texas) L.P., or its successor," and "Shipper" as "Central Crude, Inc., or its successor."

On July 16, 2009, Enbridge notified Central Crude that it had assigned its gas gathering system to an affiliate company, called Enbridge G & P, and that the existing service fees would remain unchanged. Several months after the assignment, Enbridge G & P began invoicing Central Crude for a $0.25 per MMBtu "gathering fee," in addition to transportation fees. Central

Crude objected to the gathering fees.  In the fall of 2010, Enbridge G & P invoiced Central Crude for the gathering fees retroactive to August 1, 2009.  Central Crude again objected.  After the Agreement had expired on December 31, 2010, Enbridge refused to offer natural gas transportation services to Central Crude due to the unpaid balance on the gathering fees.  In addition, Enbridge filed the present breach of contract claim against Central Crude for failure to pay the gathering fees.

### III.   CONTENTIONS OF THE PARTIES

#### A.   Enbridge's Contentions

Enbridge contends that, as a matter of law, the gathering fee provision in the Agreement is valid and enforceable.  Enbridge asserts that the parties intended to include a gathering fee and a transportation fee.  Moreover, Enbridge asserts that the terms "Buyer" and "Seller" in the gathering fee provision are typographical errors. Consequently, under the defined terms "Shipper" and "Gatherer," Central Crude has an obligation to pay Enbridge for "other fees" as enumerated in Exhibit C to the Agreement, which provides for a gathering fee of $0.25 per MMBtu of gas received.  Finally, Enbridge contends in the alternative that should the Court choose not to construe the Agreement in accordance with its interpretation, the existing ambiguity and fact issues should, nevertheless, preclude Central Crude's right to summary judgment.

#### B.   Central Crude's Contentions

Central Crude contends that the Agreement does not contain express language authorizing Enbridge to charge a gathering fee. Nor does it obligate Central Crude to pay a gathering fee.  Central Crude also asserts that if the Agreement in fact contains typographical errors, such errors are mutual mistakes and Enbridge has failed to satisfy its burden to prove that

3

the alleged mutual mistakes were mistakes on the part of Central Crude and Enbridge. Therefore, it is not obligated to paying gathering fees.

## IV. THE APPLICABLE LEGAL STANDARDS

### A. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln General Ins. Co. v. Reyna*, 401 F.3d (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).

If the burden of proof at trial lies with the non-moving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 535 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Traf-ficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). This burden is not satisfied by "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Young v. Exxonmobil Corp.*, 155 Fed. Appx. 798, 800 (5th Cir. 2005).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Young*, 155 Fed. Appx. at 800. "Rule 56 'mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Beard v. Banks*, 548 U.S. 521, 530, 126 S. Ct. 2572, 2578, 165 L. Ed.2d 697 (2006) (quoting *Celotex*, 477 U.S. at 322).

### V.   ANALYSIS AND DISCUSSION

**A. The Agreement-Terms, Details and Intent**

1. Texas Contract Law

In its most basic sense, Texas contract law provides that a breach of contract exists where the plaintiff demonstrates: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff suffers damages as a result of the breach. See*, e.g.*, Bank of Tex. v. VR Elec., Inc., 276 S.W.3d 671, 677 (Tex. App.-Houston [1st Dist.] 2008, pet. denied); Prime Prods., Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 636 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). "A breach of contract

occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." Case Corp. v. Hi-Class Bus. Sys. of Am., Inc., 184 S.W.3d 760, 769-70 (Tex. App.-Dallas 2005, pet. denied).

When construing a written contract in a breach action, the primary goal of this Court is to ascertain the true intentions of the parties as solely expressed in the written instrument—the four corners doctrine. *See*, *e.g.*, Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc., 297 S.W.3d 248, 252 (Tex. 2009); Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); Cook Composites, Inc. v. Westlake Styrene, 15 S.W.3d 124, 131 (Tex. App.-Houston [14th Dist.] 2000, pet dism'd). The Court must "examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none [of the provisions] will be rendered meaningless."  Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 158 (Tex. 1951).; *see*, *e.g.*, *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) (citing *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex. 1980)).

With respect to typographical errors, "written contracts will be construed according to the intention of the parties, *notwithstanding errors and omissions*, by perusing the entire document and to this end, words, names, and phrases obviously intended may be [applied]." *See* Falk & Fish, L.L.P. v. Pinkston's Lawnmower & Equip., Inc., 317 S.W.3d 523, 527-28 (Tex. App. 2010, no pet.) (quoting City of Galveston v. Galveston Mun. Police Ass'n, 57 S.W.3d 532, 539 (Tex. App.-Houston [14th Dist.] 2001, pet. denied)). Typographical errors in a writing will be corrected to reflect the drafter's intent. *See*, *e.g.*, Ussery Invs. v. Canon & Carpenter, Inc., 663 S.W.2d 591, 593 (Tex. App.-Houston [1st Dist.] 1983, writ dism'd); Doe v. Tex. Ass'n of Sch. Bds., Inc., 283 F.3d 451, 460-61 (Tex. App.-Fort Worth 2009, pet. denied).

A mutual mistake of fact occurs when the parties to an agreement have a common intention, but the written contract does not reflect the intention of the parties due to a mutual mistake. *N. Natural Gas v. Chisos Joint Venture I*, 142 S.W.3d 447, 456 (Tex. App.-El Paso 2004, no pet.). When seeking relief from a mutual mistake, the party seeking reformation must of course prove the parties true intent. But a case is not made by proof that there was an agreement, that is at variance with the writing. *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970). Proof that a mutual mistake of fact exists requires showing: (1) a mistake of fact; (2) held mutually by the parties; and (3) such mistake materially affects the agreed-upon exchange. Barker v. Roelke, 105 S.W.3d 75, 84 (Tex. App.-Eastland 2003, pet. denied) (citing RESTATEMENT (SECOND) OF CONTRACTS § 152 (1981)). Proof of these elements is objective, meaning whether a mutual mistake has occurred is determined based on consideration of the "objective circumstances surrounding execution of the [contract]." *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990); *see*, *e.g.*, *Myrad Properties, Inc. v. LaSalle Bank Nat. Ass'n,* 300 S.W.3d 746, 751 (Tex. 2009).

    a.    Enbridge's assertions.

The gravamen of Enbridge's assertions is that the terms "Buyer" and "Seller" in the gathering fee provision are typographical errors. Thus, regardless of the errors, the defined terms, "Shipper" and "Gatherer," identify Enbridge and Central Crude concerning the obligation by Central Crude to pay Enbridge for "other fees," as enumerated in Exhibit C to the Agreement. Other fees include a gathering fee of $0.25 per MMBtu of gas received.

Reading the Agreement in its entirety, Enbridge's assertion is not met with significant challenge. The Court finds guidance from the Fifth Circuit holding that "where an agreement is unclear *or* of doubtful meaning, the court in interpreting what the parties were called upon to do,

7

may properly consider the course of dealing, usage of trade, and *course of performance between the parties.*" *See Paragon Res., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 695 F.2d 991, 996 (5th Cir. 1983). Here, it is a strain to think that where the parties as represented by legal counsel and experienced businesspersons read and executed the Agreement—accounting for gathering fees, as clearly noted in the Agreement—were not considered because the terms "Buyer" and "Seller" stand in place of "Shipper" and "Gatherer." The Court strictly construes the gathering provision and identifies Central Crude as having an obligation to pay the gathering fees under the Agreement.

      b.      Central Crude's interpretation.

Having found that the Agreement is one where typographical errors exist as to the parties' identities regarding the gathering provision, the Court addresses Central Crude's assertion that if the Agreement in fact contains typographical errors, such errors are a mutual mistake between the parties. In this light, Central Crude asserts that Enbridge fails to satisfy its burden to prove such a mutual mistake regarding Central Crude's intent in relation to paying gathering fees. Central Crude incorrectly applies the burden to Enbridge to prove mutual mistake of fact. On the contrary, the Court finds that Central Crude has the burden of showing mutual mistake of fact, as well as showing that the parties did not intend to have a gathering fee provision in the Agreement. This is so because the terms and party references in the Agreement, otherwise, are congruent.

Here, Central Crude has not satisfied the Court that the Agreement does not reflect the intention of the parties that Central Crude is responsible for the gathering fee incurred and allowed in Exhibit C.  *See*, *e.g.*, *Chisos Joint Venture I*, 142 S.W.3d at 456.  Further, Central Crude in attempting to negate the four corners of the Agreement stands in the shoes of the party

seeking relief from an alleged typographical mistake, mutual mistake of fact or otherwise, and must prove what the true agreement was between the parties. *See*, *e.g.*, *Estes*, 462 S.W.2d at 275. In this regard Central Crude has failed. *Id.*

## VI. CONCLUSION

The record along with persuasive authority before the Court supports the conclusion that Enbridge is owed gathering fees by Central Crude. Therefore, Central Crude's motion for summary judgment is DENIED.

It is so ORDERED.

SIGNED at Houston, Texas this 10th day of July, 2012.

_____
Kenneth M. Hoyt
United States District Judge